[No. 18708. Department One. January 9, 1925.]

## W. J. AUMILLER, *Respondent*, v. J. C. NEIL *et al.*, *Appellants*.[1]

JURY (20)—RIGHT TO JURY TRIAL—WAIVER OF RIGHT—DISCRETION OF COURT. It is not an abuse of discretion to deny a jury trial, where the only excuse for failing to demand the same and prepay the jury fee as required by Rem. Comp. Stat., § 316, was the absence of the party from the county at the time the case was set, where the case had been at issue for two months.

APPEAL (418)—REVIEW—FINDINGS. Findings of the trial court will not be disturbed on appeal where the evidence does not preponderate against them.

Appeal from a judgment of the superior court for Yakima county, Blake, J., entered February 21, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Holden, Shumate & Cheney*, for appellants.

*Cull & Schumann* (*Nat. U. Brown*, of counsel), for respondent.

[1]Reported in 232 Pac. 328.

PARKER, J.—The plaintiff, Aumiller, seeks recovery of $600, the agreed purchase price of a Fordson tractor and certain farm implement attachments thereto which he alleges he sold and delivered to the defendants, Neil and wife. A trial upon the merits in the superior court for Yakima county, sitting without a jury, resulted in findings and judgment thereon awarding to the plaintiff recovery as prayed for, from which the defendants have appealed to this court.

It is first contended in behalf of defendants that the trial court erred to their prejudice in refusing to award them a jury trial. The cause was set for trial before the court without a jury, upon due notice to counsel for defendants; no jury having been demanded and no jury fee having been paid to the clerk, as required by § 316, Rem. Comp. Stat. [P. C. § 8488], reading as follows:

"In all civil actions triable by a jury in the superior court any party to the action may, at or prior to the time the case is called to be set for trial, serve upon the opposite party or his attorney, and file with the clerk of the court a statement of himself, or attorney, that he elects to have such case tried by jury. At the time of filing such statement such party shall also deposit with the clerk of the court twelve dollars, . . . Unless such statement is filed and such deposit made, the parties shall be deemed to have waived trial by jury, and consented to a trial by the court: . . ."

Five days after the making of the order so setting the case for trial, counsel for the defendants demanded a jury trial, tendering the jury fee therefor, and moved the court for an order so setting the case for trial and vacating the order theretofore made setting it for trial. This motion was denied. The only excuse offered on behalf of the defendants for not demanding a jury trial prior to the setting of the case for trial, and for not

paying the jury fee before the setting of the case for trial before the court is that the defendants were, and had been, absent from the county for some time and their counsel had not had opportunity to communicate with them after the notice of the application for the setting of the case for trial. The case had then been pending more than two months. Assuming that it was within the discretion of the trial court to reset the case for trial as a jury case, plainly it cannot be held, under these circumstances, that the court abused its discretion in refusing so to do.

It is next contended that the evidence preponderates against the findings and judgment of the trial court. This contention presents nothing but pure questions of fact. We have painstakingly read all of the evidence. To analyze the evidence here with a view of determining whether or not the trial court correctly decided the case upon the merits would be but to weigh sharply conflicting testimony given in behalf of the respective parties. The principal question is, was the sale actually consummated when the defendants took the tractor and attachments from the plaintiff's farm to their farm some miles distant? And, incidental to this question, did the defendants take the tractor and attachments only upon trial, to be purchased by them if proven workable and satisfactory, and did the tractor and attachments prove workable and satisfactory? All of these questions, as evidenced by the trial court's findings and oral observations made in rendering its decision, were determined against the defendants. We deem it sufficient to say that we are not only convinced that the evidence does not preponderate against the court's conclusions upon these questions, but, in so far as we are able to determine from the cold record before us, we are strongly inclined to the view that the

evidence preponderates in favor of the trial court's conclusions upon these questions.

The judgment is affirmed.

MAIN, C. J., PEMBERTON, BRIDGES, and TOLMAN, JJ., concur.